**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FINIS A. CROSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1756 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendant Wells Fargo Bank, N.A. timely removed this case from the County Court at Law of Brazos County, Texas and moved for summary judgment. (Docket Entry No. 30). The plaintiff, Finis Cross, filed no substantive response. In an order granting an earlier motion to dismiss, Cross was ordered to amend his complaint; he did not do so by the deadline the court set. On September 5, 2014, the court held a hearing on the summary judgment motion at which Wells Fargo appeared through counsel and Cross appeared *pro se*. Based on the motion, the record, the law, and the argument, the court enters the following findings and conclusions, grants the motion for summary judgment, and by separate order enters final judgment dismissing this case with prejudice.

**I.     Findings of Fact**

This litigation involves the nonjudicial foreclosure of real property located at 710 Henderson Street, Bryan, Texas 77803 (the "Property"). On September 10, 2008, Cross executed a Note and Deed of Trust (collectively, the "Loan Documents") in connection with his purchase of the property. Annette Cross, Cross's wife, executed the Deed of Trust. On July 3, 2012, Mortgage Electronic

Registration Systems, Inc. ("MERS"), as nominee for Franklin American Mortgage Company, assigned the Loan Documents to Wells Fargo.

Contemporaneous with executing the Note and Deed of Trust, Cross executed a "Loan Agreement Notice," which provides:

> THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.  THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

Cross defaulted on his mortgage payments. Cross does not dispute Wells Fargo's application of payments to the loan.

Wells Fargo approved Cross for a Temporary Forbearance Agreement (the "TFA"). If successfully completed, the TFA would have resulted in Cross curing his mortgage default. Cross did not comply with the TFA. Instead, he failed to make the first payment under the TFA, which led Wells Fargo to void it.

On October 4, 2012, Cross contacted Wells Fargo to try to make new payment arrangements. Wells Fargo agreed to reactivate the TFA and draft funds from Cross's bank account. On October 4, 2012, Cross paid $1,929.19, his first — and late — payment under the TFA. On October 16, 2012, Cross's bank returned the payment based on insufficient funds in Cross's account. Wells Fargo did not reactivate the TFA again after October 16, 2012.

By certified letter dated June 15, 2012, Wells Fargo served Cross with a Notice of Default and Intent to Foreclose. The Notice informed Cross that he was in default for failing to make payments; that the default could be cured by tendering payment in certified funds by July 19, 2012; and that failing to cure the default by July 19, 2012 would result in acceleration. On June 15, 2012,

2

Wells Fargo mailed the Notices of Default via certified mail, return receipt requested, addressed to the Crosses at the property. Public United States Postal Service records show that the Notice of Default was delivered. Cross did not cure the default. Wells Fargo posted the property for foreclosure.

By certified letters dated February 28, 2013, Wells Fargo's foreclosure representative notified Cross and Annette Cross that the Note was accelerated and that the foreclosure sale would take place on April 2, 2013. Wells Fargo, through its foreclosure representative, mailed the Notices of Acceleration to Cross and Annette Cross on February 28, 2013, via certified mail postage prepared to the property. The United States Postal Service returned the Notices of Acceleration as unclaimed.

On April 2, 2013, Wells Fargo foreclosed on the property and was the highest bidder at the foreclosure sale.

On April 17, 2013, Cross asked Wells Fargo to rescind the foreclosure. On May 7, 2013, Wells Fargo requested that no later than May 13, 2013, Cross provide proof that he had the $10,142.36 required to reinstate the loan. Cross did not provide proof of reinstatement funds by the deadline.

On May 16, 2013, Wells Fargo responded to Cross's complaint to the Consumer Financial Protection Bureau. Cross alleged in paragraph 8 of his Second Amended Complaint that Wells Fargo's May 16, 2013 letter referred to two Forbearance Agreements, but that is incorrect. In the May 16, 2013 letter, Wells Fargo advised Cross that Wells Fargo considered the Temporary Forbearance Agreement void when Cross failed to remit the first forbearance payment by September 28, 2012. Based on the October 4, 2012 communication with Cross, Wells Fargo reactivated the

TFA and withdrew funds from Cross's bank account. Wells Fargo voided the TFA a second time when the bank draft was returned NSF by Cross's bank.

In his second amended complaint, Cross asserted causes of action against Wells Fargo for (I) breach of contract; (ii) promissory estoppel; (iii) breach of the covenant of good faith and fair dealing; (iv) violations of the Real Estate Settlement Procedures Act ("RESPA"); and (v) violations of HUD regulations. Cross sought monetary damages, including origination costs, restitution of all loan payments, lost rental income, and attorneys' fees and costs.

## II.     Conclusions of Law

Summary judgment is proper because there are no genuine material fact disputes and the undisputed evidence shows that Cross's claims fail as a matter of law.

### A.     The Claims for Breach of Contract and Promissory Estoppel are Barred by the Statute of Frauds

The claims for breach of contract and promissory estoppel are based on Wells Fargo's alleged oral agreements or representations about modifications of Cross's mortgage or the Temporary Forbearance Agreement. Such alleged oral representations are unenforceable as a matter of law. Under Texas law, a contract for the sale of real estate is unenforceable unless the contract is in writing and signed by the person to be charged. TEX. BUS. & COM. CODE § 26.01(b)(4). A loan agreement involving more than $50,000.00 is unenforceable unless the agreement is in writing and signed by the party to be bound or that party's authorized representative. TEX. BUS. & COM. CODE § 26.02(b). The Note, Deed of Trust, and Forbearance Agreement are subject to the statute of frauds.

"Generally, if a contract falls within the statute of frauds, a party cannot enforce any subsequent oral material modification to the contract." *SP Terrace, L.P. v. Meritage Homes of*

4

*Texas*, 334 S.W.3d 275, 282-83 (Tex. App. – Houston [1st Dist.] 2010, no pet.) (*citing Dracopoulas v. Rachal*, 411 S.W.2d 719, 721 (Tex. 1967)). *American Garment Properties, Inc. v. CB Richard Ellis – El Paso, L.L.C.*, 155 S.W.3d 431, 437 (Tex. App. – El Paso 2004, no pet.).

Cross alleged that Wells Fargo orally agreed to modify the TFA to "push all the payments out of one month." (Docket Entry No. 15, Plaintiff's Second Amended Complaint, ¶ 10). These alleged oral statements are unenforceable under the statute of frauds. The court grants summary judgment on the breach of contract and promissory estoppel claims.

### B. The Breach of Contract Claim Also Fails as a Matter of Law because Cross Failed to Perform the Note and Deed of Trust

To prevail on a claim for breach of contract, a plaintiff must prove the existence of a valid contract; performance or tendered performance by the plaintiff; breach of the contract by the defendant; and damages sustained as a result of the breach. *Winchek v. American Express Travel Related Servs. Co.*, 232 S.W.2d 197, 202 (Tex. App. – Houston [1st Dist.] 2007, no pet.). A mortgagor who defaults on the mortgage cannot maintain an action for breach of contract. *Moe v. Option One Mortg. Corp.*, 2009 WL 136892, at *3 (Tex. App. – Houston [14th Dist.] 2009, no pet.) (holding that a mortgagor who failed to make payments and maintain insurance "did not perform or tender performance, but instead breached the contract"); *Kaechler v. Bank of Am.*, 2013 WL 127555, at *3 (S.D. Tex. Jan. 9, 2013) (quoting *Re/Max of Tex., Inc. v. Katar Corp.*, 989 S.W.2d 363, 365 n.4 (Tex. 1999). The undisputed evidence shows that Cross defaulted on the mortgage and the Forbearance Agreement before Wells Fargo initiated foreclosure proceedings. The court grants summary judgment on Cross's breach of contract claim.

### C. The Implied Covenant of Good Faith and Fair Dealing Does Not Apply to a Debtor-Creditor Relationship

5

Cross alleged that the TFA terms were not negotiable and bore no resemblance to his current or future income. He alleged an inequality between the parties, in violation of the implied duty of good faith and fair dealing. To impose a duty of good faith and fair dealing, a plaintiff must establish a special relationship. *Arnold v. Nat'l County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). A debtor-creditor relationship does not impose a duty of good faith and fair dealing on the lender. *See Federal Dep. Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990); *Baskin v. Mortgage & Trust, Inc.*, 837 S.W.2d 743, 747 (Tex. App. – Houston [14th Dist.] 1992, writ denied). The debtor/creditor relationship is not a fiduciary relationship. *See Thigpen v. Locke*, 363 S.W.2d 247, 252-53 (Tex. 1962); *Winston v. Lake Jackson Bank*, 574 S.W.2d 628, 269 (Tex. Civ. App. – Houston [14th Dist.] 1978, not writ). In particular, the relationship between a mortgagor and mortgagee does not give rise to a duty of good faith. *Hinton*, 945 F.Supp. at 1060; *Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990). Cross's cause of action for breach of this alleged duty fails as a matter of law. The court grants summary judgment on Cross's claim that Wells Fargo violated an implied duty of good faith and fair dealing.

**D.     The RESPA Claims Lack Merit**

Cross alleged that Wells Fargo violated "RESPA 1024.38" and "RESPA 1024.237." Cross alleged that Wells Fargo "has not provided access to the Forbearance Agreements as provided by RESPA 1024.38." (Docket Entry No.15, Plaintiff's Second Amended Complaint, ¶ 1). Cross also alleged that he "was never informed of the written error resolution process required by ReSPA 1024.38."

Under RESPA, a loan servicer has a duty to respond to a borrower's inquiries. *See* 12 U.S.C. § 2605(e). On receipt of a written request that includes the borrower's name, account, and a

6

sufficiently detailed statement explaining the reason for a belief that the account is in error or detailing the information the borrower seeks, the debt servicer must acknowledge receipt within 20 days. 12 U.S.C. § 2605(e)(1). Within 60 days of receiving the request, the servicer must provide the borrower with a written response that includes the information requested or explain why that information is unavailable, and provide contact information for an individual who can assist the borrower. 12 U.S.C. § 2605(e)(2). Cross's claim under RESPA fails because he did not send written correspondence to Wells Fargo that qualified as a "qualified written request" that imposes a duty on Wells Fargo to respond.

Cross also alleged that Wells Fargo failed to give him copies of the TFA. Wells Fargo transmitted it to Cross twice, first on August 29, 2012, and again on May 16, 2013. His RESPA claim fails.

Cross also alleged that "forced placed insurance would constitute a violation of RESPA 1024.237." (Docket Entry No. 15, Plaintiff's Second Amended Complaint, ¶ 26). The Deed of Trust expressly required Cross to maintain hazard insurance in the amounts and for the periods required by Wells Fargo. The Deed of Trust gave Wells Fargo the right to obtain such insurance at Cross's expense if he failed to do so. But, as Cross testified, there was an insurance refund, and he withdrew his hazard-insurance claim. The court grants summary judgment on Cross's RESPA claims.

### E. Cross Has No Private Right of Action Under HUD Regulations

Cross alleged that Wells Fargo violated HUD guidelines by failing to conduct a face-to-face meeting with him. (Docket Entry No. 15, Plaintiff's Second Amended Complaint, ¶ 28). There is no private right of action for violations of HUD regulations. *Mitchell v. Chase Home Finance*, 2008

WL 623395, *3 (N.D. Te. 2008); *Leggette v. Washington Mutual Bank, FA*, No. 3:03-CV-2909-D, 2005 WL 2679699, at *2 (N.D. Tex. Oct. 19, 2005) (quoting *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360 (5th Cir. 1977)). The court grants summary judgment on Cross's HUD claim.

### F.     Wells Fargo Did Not Waive its Rights

Cross alleged that Wells Fargo waived its right to accelerate the Note and conduct a nonjudicial foreclosure by approving Cross for a forbearance agreement. (Docket Entry No.15, Plaintiff's Second Amended Complaint). The Loan Documents include antiwaiver provisions. Section 6 of the Note stated:

> **(D)  No Waiver By Note Holder**  Even if, at a time when I was in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

Section 12 of the Deed of Trust stated:

> **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower . . . shall not operate to release the liability of Borrower.
>
> Any forbearance by Lender in exercising any right or remedy, including, without limitation, Lender's acceptance of payments . . . in amounts less than the amount then due, shall not be waived of or preclude the exercise of any right or remedy.

The Note and Deed of Trust provided that the lender's forbearance in exercising its rights did not waive the lender's right to do so in the future. Cross's assertion that Wells Fargo waived its right to accelerate the Note and conduct a nonjudicial foreclosure fails. Both the Note and the Deed of Trust recognize that Wells Fargo could consider a modification or forbearance while retaining its right to foreclose. The court grants summary judgment on Cross's waiver claim.

### III.    Conclusion

The court grants summary judgment on each of Cross's claims and dismisses them, with prejudice. Final judgment is entered by separate order.

SIGNED on September 30, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge