IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINIS A. CROSS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1756 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER ON ATTORNEY'S FEES

### I. Background

Wells Fargo foreclosed on a home Finis Cross had purchased and financed through a mortgage. Cross sued Wells Fargo in state court, asserting claims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, violations of the Real Estate Settlement Procedures Act ("RESPA"), and violations of HUD regulations. Cross sought damages, including origination costs, restitution of all loan payments, lost rental income, and attorney's fees and costs. Wells Fargo timely removed and moved for summary judgment.

The court held a hearing on the summary judgment motion at which Wells Fargo appeared through counsel and Cross appeared *pro se*. The court granted Wells Fargo's motion for summary judgment on all of Cross's claims, finding and concluding that Cross's claims for breach of contract and promissory estoppel were barred by the statute of frauds; Cross failed to perform under the Note and Deed of Trust; the implied covenant of good faith and fair dealing did not apply; the RESPA claims lacked merit; Cross had no private right of action against Wells Fargo under HUD regulations; and Wells Fargo had not waived its right to accelerate the Note and conduct a

nonjudicial foreclosure sale. After this ruling, Wells Fargo moved for an award of $33,296.50 in fees and $1,782.84 in costs incurred in responding to Cross's claims. (Docket Entry No. 44). Cross has not responded to the motion.

Based on the motion, the record, and the applicable law, the court finds and concludes that Wells Fargo is entitled to recover fees and costs, and that a reasonable fee is $13,581. An order is entered awarding Wells Fargo that amount, as well as $1,782.84 in costs. The reasons are explained below.

## II. Analysis

### A. The Legal Standard for Fee Awards

Texas law governed the substantive issues in this case and applies to the fee application as well. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Texas law allows a party to recover attorney's fees when a statute or contract provides. *In re Velazquez*, 660 F.3d 893, 895–96 (5th Cir. 2011); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). Wells Fargo has shown both a contractual and a statutory basis for the fees it seeks.

Section 9 of Cross's Deed of Trust entitles Wells Fargo to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . ." These actions "can include, but are not limited to . . . paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding." (*Id.*). The Fifth Circuit has held that such a "Deed of Trust contemplates entitlement to attorney's fees incurred to protect [the lender's] interest in the property or rights under the Deed of Trust." *In re Velazquez*, 660 F.3d at 899 (interpreting identical provisions in a deed of trust). Although the Fifth Circuit's *Velazquez* decision concerned the

recovery of attorney's fees in the bankruptcy context, other courts have found that an attorney's fee provision in a deed of trust applies when, as here, the plaintiff sought to "enjoin defendants from selling or attempting to sell the property, an action that, if successful, could have permanently affected defendants' ability to enforce the terms of the note and deed of trust through foreclosure and eviction if plaintiff persisted in her default." *Richardson v. Wells Fargo Bank, N.A.*, 2012 WL 6028912, at *3 (N.D. Tex. Dec. 3, 2012).

Texas courts generally use the lodestar method for calculating attorney's fees. *Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 782 (Tex. App. — Fort Worth 2005, pet. granted, judgm't vacated w.r.m.); *see also Guity v. C.C.I. Enter.*, 54 S.W.3d 526, 528 (Tex. App. — Houston [1st Dist.] 2001, no pet.) ("In determining the reasonableness of attorney's fees, the fact finder must be guided by a specific standard. This standard is substantially similar under both federal law and state law."). The first lodestar step is to determine the reasonable hourly rate for the attorneys and nonlegal personnel who worked on the case. The reasonable hourly rate is based on "the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The second step is to determine the number of hours "reasonably expended." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008).

One consideration in determining reasonableness is whether the party seeking attorney's fees exercised billing judgment. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co.*, 448 F.3d 795, 799 (5th Cir. 2006). "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage

intended to substitute for the exercise of billing judgment." *Id.* at 799; *see also Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002).

Another consideration is whether the hours claimed yield a fee that is excessive compared to the amount at stake or owed. *See Sibley v. RMA Partners, L.P.*, 138 S.W.3d 455, 459 (Tex. App. — Beaumont 2004, no pet.). "Attorney's fees must bear some reasonable relationship to the amount in controversy." *Cordova v. Southwestern Bell Yellow Pages*, 148 S.W.3d 441, 448 (Tex. App. — El Paso 2004, no pet.) (citing *Rep. Nat'l Life Ins. Co. v. Heyward*, 568 S.W.2d 879 (Tex. Civ. App. — Eastland 1978, writ ref'd n.r.e.). Texas law, however, does not require precise proportionality between the fees awarded and either the relief obtained or the original amount in controversy. "[D]isproportion alone does not render the award of attorneys' fees excessive." *Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 258 F.3d 345, 355 (5th Cir. 2001) (affirming $712,000 in attorney's fees on recovery of $74,570 in actual damages on various state statutory and common-law claims); *see also Quanta Serv's Inc. v. Am. Admin. Grp. Inc.*, 384 Fed. App'x 291, 298 (5th Cir. 2008) (affirming $116,767.68 in attorney's fees for a $100,000 damages award obtained in a contract suit).

After the court completes both steps, it multiplies the hours "reasonably expended" by the reasonable hourly rates to determine the lodestar figure. *Id.* A court then decides whether to increase or decrease the amount based on the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The twelve *Johnson* factors are (1) the time and labor involved, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to this case, (5) the customary fee, (6) whether

the fee is fixed or contingent, (7) time limitations, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of counsel, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Id.* at 717–19. Texas courts weigh similar factors under Rule 1.04 of the Texas Disciplinary Rules of Professional Conduct to determine reasonable fees. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *Brazos Elec. Power Co-op., Inc. v. Weber*, 238 S.W.3d 582, 585–87 (Tex. App. — Dallas 2007, no pet.).

### B. The Fee Application

Wells Fargo argues that it is entitled to $33,296.50 in attorney's fees for work that included performing "legal research . . . , drafting pleadings, drafting removal papers, drafting motions to dismiss, preparing and serving written discovery, preparing for and taking depositions, and attending Court mandated hearings." (Docket Entry No. 44 at 6–7).

Lead counsel George A Kurisky, Jr.'s affidavit and the accompanying time records indicate that he and his colleagues spent over 180 hours on this case. (Docket Entry No. 44, Ex. C). Wells Fargo's application is based on an hourly rate of $350 for Kurisky and $240 for Branch M. Sheppard, another lawyer. The application also includes time spent by other individuals whose roles were not specified in the motion or the affidavit, with hourly billing rates between $100 and $350.

### C. The Lodestar Calculation

The court finds that the hourly rates for Kurisky and Sheppard are reasonable for attorneys of Kurisky's and Sheppard's experience. Wells Fargo has not provided information on the experience or roles of the other individuals who billed time on this case, and the court is unable to determine whether their billing rates or time spent are reasonable. In its application, Wells Fargo

stated that it also paid for paralegal services, but neither the application nor Kurisky's affidavit provides sufficient information to allow the court to evaluate the time spent or the rates charged for these services. The court declines to award fees for work performed by persons other than Kurisky and Sheppard.

The time Kurisky and Sheppard spent is reasonable. The court found for Wells Fargo on all of Cross's claims. Cross often did not comply with the court's orders, and Wells Fargo was required to spend additional time responding to Cross's claims as a result. In total, Sheppard billed 91.3 hours on the case, and Kurisky billed 15 hours. The ledger report Wells Fargo provided reflects that Sheppard and Kurisky spent additional time that was not included in the fee application, showing the application of billing judgment. The court concludes that 106.3 hours is a reasonable amount of time for the two attorneys to spend on this litigation.

### D.     Adjusting the Lodestar

The time each attorney spent on the case, calculated at that attorney's hourly rate, leads to a lodestar amount of $27,162. A reduction is appropriate because the issues presented in Cross's complaint were neither novel nor difficult, Kurisky and Branch have both represented Wells Fargo in many other cases raising issues similar to those raised here, and Cross proceeded *pro se*. The court concludes that an appropriate reduction is 50 percent. Applying a 50 percent reduction results in a fee award of $13,581, which is within the range suggested by other similar cases.

### III.    Conclusion

The court awards Wells Fargo its attorney's fees in the amount of $13,581, as well as $1,782.84 in costs that were reasonable and necessary in defending this suit, for a total award of $15,363.84.

SIGNED on February 9, 2015, at Houston, Texas.

*Lee H. Rosenthal*
United States District Judge